FILED

2009 Aug-14  PM 01:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CHANA M. STEPHENSON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 5:08-CV-00940-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The plaintiff, Chana M. Stephenson, appeals from the decision of the

Commissioner of the Social Security Administration ("Commissioner")

denying her application for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI").  Ms. Stephenson timely pursued and

exhausted her administrative remedies and the decision of the Commissioner

is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Stephenson was thirty-five years old at the time of the

Administrative Law Judge's ("ALJ") decision, and she has a high school

education, plus two years of college.     (Tr. at 45.)   Her past work

experiences include employment as a waitress and production assembler.

(Tr. at 144.)  Ms. Stephenson claims that she became disabled on October

1, 2005, due to mental illness consisting of bipolar disorder and

schizophrenia.  (Tr. at 28, 133.)

When evaluating the disability of individuals over the age of eighteen,

the regulations prescribe a five-step sequential evaluation process.  *See* 20

C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278

(11th Cir. 2001).  The first step requires a determination of whether the

claimant is "doing substantial gainful activity."     20 C.F.R. §§

404.1520(a)(4)(i), 416.920(a)(4)(i).   If he or she is, the claimant is not

disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner

next considers the effect of all of the physical and mental impairments

combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These

impairments must be severe and must meet the durational requirements

before a claimant will be found to be disabled.  *Id.*  The decision depends

on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340,

1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the

analysis stops.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.

20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id*.

If substance abuse is found to be a "contributing factor material to the determination of disability," then the claimant is not considered disabled. 42 U.S.C. § 423(d)(2)(C).  In order to find that substance abuse is "material to the determination," it is key to ascertain whether the claimant would still be considered disabled absent the drug addiction or alcoholism.  20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).  If the claimant is not found to be disabled absent the substance abuse, then there is no disability; if the claimant would be disabled without the substance abuse, then the alcoholism or drug abuse is not material to the decision.   20 C.F.R.  §§ 404.1535(b)(2)(i-ii), 416.935(b)(2)(i-ii).

Applying the sequential evaluation process and the substance abuse considerations, the ALJ found that Ms. Stephenson meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision.  (Tr. at 30.)  He further determined that Ms. Stephenson has not engaged in substantial gainful activity since the alleged onset of her disability.  (Tr. at 31.)  According to the ALJ, Plaintiff's

substance abuse, depression/anxiety, and personality disorder are considered "severe" based on the requirements set forth in the regulations. (*Id*.)  He found that these impairments, including the substance use disorders, meet the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (*Id*.)  The ALJ did not find Ms. Stephenson's allegations to be totally credible.  (Tr. at 31, 34.)

The ALJ determined that "independent of the substance abuse, the claimant's depression and anxiety and personality disorder would result in no more than mild restriction of daily living activities; moderate difficulty maintaining social functioning, and moderate difficulty maintaining concentration, persistence or pace; and no episodes of decompensation." (Tr. at 32.)  He concluded these limitations would cause more than a minimal impact on Ms. Stephenson's ability to perform basic work activities, but they would not meet or equal any listed impairment.  (*Id*.)  The ALJ also found that if Ms. Stephenson "stopped the substance use, [she] would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: only

occasional contact with coworkers and supervisors and no contact with the public." (*Id.*)

Using the testimony of a vocational expert, the ALJ determined that Ms. Stephenson would be able to perform her past relevant work as a production assembler if she stopped the substance use.  (Tr. at 35.)  The ALJ concluded his findings by stating that Plaintiff "would not be disabled if she stopped the substance use[,and] the claimant's substance use disorders [sic] is a contributing factor material to the determination of disability . . . . Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision." (*Id.*)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   The Court

approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

The burden rests with the plaintiff to show that she would be disabled

in the absence of substance abuse.  *Doughty v. Apfel*, 245 F.3d 1274, 1276

(11th Cir. 2001).  Ms. Stephenson concedes that she has a "long history of

polysubstance abuse and dependence."  (Doc. 8 at 5.)  Plaintiff does not

make any substantive arguments that she is entitled to disability benefits

prior to March 30, 2006, and appears to concede that substantial evidence

supports the ALJ's decision that substance abuse materially contributed to

the determination of her disability prior to that time.  However, Ms.

Stephenson maintains that she has not used drugs or illicit substances after

February 2006, and the medical and psychological evidence shows she

continued to be disabled, at least since March 30, 2006, because of severe

emotional and/or psychological problems.  (*Id*. at 2, 6.)

Ms. Stephenson argues that the ALJ improperly discounted the opinion

of her treating psychiatrist, Dr. Edward W. Love, who opined in August 2007,

that  "[d]espite her prolonged period of abstinence from substance use she

continues to experience significant anxiety and episodic mood swings which

are severely disabling to her."  (Tr. at 622.)  Plaintiff also contends that the

ALJ improperly rejected the consultative examination report of Dr. John R. Haney, a licensed psychologist who concluded Ms. Stephenson would have significant restrictions in her ability to work and "would likely have had almost all the same difficulties had she . . . never used drugs." (Tr. at 627.) Finally, Plaintiff maintains that the ALJ inappropriately favored the assessment of a state agency non-examining, non-treating psychologist. (Doc. 8 at 13.)

The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Moreover, opinions such as whether a claimant is disabled, the claimant's residual functional capacity, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of

disability."  20 C.F.R. §§ 404.1527(e), 416.927(d).  The Court is interested

in the doctors' evaluations of the claimant's "condition and the medical

consequences thereof, not their opinions of the legal consequences of his [or

her] condition."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Such statements by a physician are relevant to the ALJ's findings, but they

are not determinative, as it is the ALJ who bears the responsibility for

assessing a claimant's residual functional capacity.  *See, e.g.*, 20 C.F.R. §

404.1546(c).  Dr. Love and Dr. Haney's conclusions of disability and work

restrictions are not dispositive.  The ability to reconcile differences in the

medical record and the opinions of the medical evaluators resides with the

Commissioner.

> A.    Treating Source.

The opinion of a treating physician or psychiatrist like Dr. Love "must

be given substantial or considerable weight unless 'good cause' is shown to

the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, (11th Cir. 2004) (quoting

 *Lewis*, 125 F.3d at 1440).  Good cause exists when the: "(1) treating

physician's opinion was not bolstered by the evidence; (2) evidence

supported a contrary finding; or (3) treating physician's opinion was

conclusory or inconsistent with the doctor's own medical records." *Id*.

"When electing to disregard the opinion of a treating physician, the ALJ

must clearly articulate its reasons." *Id*.

Here, the ALJ concluded that Dr. Love's August 2007 assessment of the

plaintiff was not supported by his treatment notes and the opinion was

entitled to less weight because Ms. Stephenson testified she only saw Dr.

Love for about two minutes during her sessions.  (Tr. at 34; 70.)  Instead,

the ALJ gave greater weight to Dr. Love's mental health treatment notes,

which reflected an improvement in Plaintiff's condition after July 2006.  (Tr.

35, 573-620.) Notably, the records show that Ms. Stephenson reported doing

well with her medication regimen, had improved energy, and a good mood.

(Tr. at 573.)  In August 2006, Plaintiff reported a few bad days while not

taking her medication (Tr. at 577) and denied any symptoms of mental

illness in September and November 2006 (Tr. at 580, 589).  In November

2006, Ms. Stephenson also reported that she would like to take computer

classes and work at a job behind the scenes where she would not have to

deal with a lot of people.  (Tr. at 586.)  After a crisis in December 2006,

following the break-up of a long-term relationship and the death of friends,

Plaintiff showed improvement in January 2007—she reported doing better, described her mood as good, had no psychotic symptoms, and was "pleasant, cooperative, neatly groomed, clean in appearance, spontaneous, logical, and goal directed."  (Tr. at 597.)  In June 2007, Plaintiff again denied any symptoms of mental illness.  (Tr. at 613.)  Therefore, substantial evidence supports the ALJ's conclusion that Dr. Love's medical records failed to support his opinion that Plaintiff was severely disabled by significant anxiety and episodic mood swings in the absence of substance abuse.

B.     Consulting Source.

The ALJ also rejected the opinion of Dr. Haney, a licensed psychologist, who conducted a consultative psychological evaluation of Ms. Stephenson in August 2007.  The ALJ found that Dr. Haney's evaluation was based primarily on Ms. Stephenson's subjective complaints, and her statements during the evaluation and elsewhere in the record were "less than credible."  (Tr. at 34.)  The ALJ noted that Ms. Stephenson informed Dr. Haney that she was homebound and dependent on her parents, but the record shows her periodically living outside the home with various

girlfriends.  (*Id.*)  She reported she had moved out of her parents' residence

and in with a girlfriend on May 18, 2007.  (Tr. at 610.)  The ALJ also found

that while Dr. Haney concluded Plaintiff had significant difficulty recalling

information, a psychiatrist in November 2005 opined she was "more evasive

than actually having a memory impairment."  (Tr. at 34.)

"One sole mental evaluation that is based on subjective complaints

and not on significant clinical findings is not sufficient to establish that the

claimant has a mental problem that results in significant limitations, as

neither the claimant's allegations nor unsupported diagnoses are sufficient,

in and of themselves, to establish the existence or degree of an

impairment."  *Ogranaja v. Comm'r of Soc. Sec.*, 186 Fed. Appx. 848, 850

(11th Cir. 2006) (quoting and affirming the opinion of the district court).

The fact that the record is replete with instances of Plaintiff's lack of

credibility supports the ALJ's conclusion that Dr. Haney's evaluation, based

primarily on her subjective statements, was also unworthy of credence.  20

C.F.R. § 404.1527(d)(6).

C.      State Agency Medical Consultant.

The ALJ explained that he agreed with the opinion of the state agency

medical consultant, G. Rankart.  (Tr. at 34.)  The Eleventh Circuit has held

that when an ALJ finds good cause for not according a treating physician's

opinion the substantial weight typically required, the ALJ may properly

consider the reports of non-examining, non-treating physicians.  *Jones v.*

*Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).  Plaintiff admits that the ALJ

correctly cited the law regarding non-examining medical sources, but argues

that the evidence does not support the conclusion that she was not disabled.

(Doc. 8 at 13-14.)  As stated above, substantial evidence supports the ALJ's

decision to reject the August 2007 opinion of Plaintiff's treating physician in

light of his treatment notes.  After reviewing those treatment notes, which

reflected significant improvement in Plaintiff's condition as of July 2006,

and other evidence in the record, the ALJ concluded he agreed with the

state agency medical consultant's opinion and believed it was an accurate

statement of Ms. Stephenson's functional limitations. He subsequently made

findings regarding Plaintiff's RFC, posed hypothetical questions to a

vocational expert, and concluded that in the absence of substance use,

Plaintiff could perform her past relevant work as a production assembler.

This Court finds no error.

IV.     Conclusion.

        After full review of the administrative record, the Court finds that the

Commissioner's decision is supported by substantial evidence and in accord

with the applicable law.  A separate order will be entered.

        Done this 14th day of August 2009.

                                                    _____
                                                        L. SCOTT COOGLER
                                                    UNITED STATES DISTRICT JUDGE
                                                                139297